UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>UNFORGETTABLE COATINGS INC., et al.,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-01555-JCM-NJK<br><br>**Order**<br><br>[Docket No. 18] |

Pending before the Court is Plaintiff and Counter-Defendant's motion to stay discovery pending resolution of its motion for judgment on the pleadings. Docket No. 18.[1] Defendants filed a response. Docket No. 21. Plaintiff filed a reply. Docket No. 22. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the

---

[1] *See also* Docket No. 17 (motion for judgment on the pleadings); Docket No. 23 (response thereto); Docket No. 24 (reply).

1

plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

      A stay of discovery is appropriate here. First, the underlying motion is potentially dispositive as it seeks judgment on Plaintiff's claim and the counterclaim. *See* Docket No. 17 at 19. Second, the underlying motion involves legal issues for which discovery is not likely to be needed. Third, the undersigned's evaluation of the motion for judgment on the pleadings reveals that it is sufficiently meritorious to justify a stay of discovery.[2]

      Accordingly, the motion to stay discovery is **GRANTED**. In the event resolution of the motion for judgment on the pleadings does not result in the termination of this case, a discovery plan or joint status report must be filed within 14 days of the issuance of such order.

      IT IS SO ORDERED.

      Dated: February 1, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the underlying motion may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. This "preliminary peek" at the merits of the underlying motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.