UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AMERICAN FIRE AND CASUALTY COMPANY,<br><br>         Plaintiff(s),<br><br>  v.<br><br>UNFORGETTABLE COATINGS, INC., et al.,<br><br>         Defendant(s). | Case No. 2:21-CV-1555 JCM (NJK)<br><br>ORDER |

Presently before the court is counter-defendant American Fire and Casualty Company's ("AFCC") motion for judgment on the pleadings. (ECF No. 17). Counterclaimants Unforgettable Coatings, Inc. ("Unforgettable") and Muirfield Village Homeowner's Association ("Muirfield") filed a response in opposition (ECF No. 23), to which AFCC replied (ECF No. 24).

**I. Facts**

This action arises from Nevada insurance policies related to a contract between Unforgettable and Muirfield for painting and related services on Muirfield's property in Mesa, Arizona, in 2015. (ECF No. 14 at 1–2). Following the completion of the project, Muirfield alleged that Unforgettable's work was defective and filed suit in Maricopa County, Arizona, on or around December 18, 2019. (*Id.* at 3). Pursuant to the contract's mandatory arbitration agreement, the parties agreed to arbitrate before the Honorable Larry Fleishman (ret.) ("the arbitrator"). (*Id.*). The arbitrator found that Unforgettable breached the contract and breached its implied warranty and awarded Muirfield $444,200 in damages, plus $140,000 in attorney fees and $55,559 in taxable costs. (*Id.*).

AFCC was Unforgettable's commercial general liability insurer from February 2015 – February 2019 and defended Unforgettable at arbitration. (*Id.* at 3–4). AFCC now seeks a declaration that that it has no obligation to indemnify Unforgettable for the damages awarded under the policies and has no obligations to Muirfield in connection with the underlying litigation. (*Id.* at 8–9).

Unforgettable and Muirfield's amended answer and counterclaim (ECF No. 15) alleges claims for contractual and tortious breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of insurance unfair trade practices under Nevada Revised Statute ("NRS") § 686A.310. (*Id.*). AFCC now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF No. 17).

## II. Legal Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (citation and internal quotation marks omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id.* That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). However, to proceed, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

The court typically may not consider material beyond the pleadings to adjudicate a 12(c) motion. See FED. R. CIV. P. 12(d). But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018). The court can also consider documents whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.,* 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie,* 342 F.3d 903,

**James C. Mahan**
**U.S. District Judge**

- 2 -

907–08 (9th Cir. 2003) (holding that district courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III. Discussion**

The court addresses Unforgettable and Muirfield's three counterclaims before addressing the issue of amendment.

A. <u>Unforgettable and Muirfield's first claim for contractual breach of contract fails because the policy clearly excludes their alleged harm.</u>

To prevail on a breach of contract claim, the claimant must "show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp. 2d 1234, 1240 (D. Nev. 2008) (quoting *Saini v. Int'l Game Tech.*, 434 F.Supp. 2d 913, 920–21 (D. Nev. 2006)).

Neither party disputes that AFCC has a valid insurance contract with Unforgettable. The dispute is whether AFCC breached the contract by declining to pay the damages award and attorney fees awarded by the arbitrator. AFCC argues that the contract clearly and unambiguously excludes coverage for the damages award and attorney fees award. (ECF No. 17 at 2). Unforgettable and Muirfield argue that the policy language is ambiguous and should therefore be construed against AFCC, resulting in Unforgettable and Muirfield being indemnified for the damages and attorney fee awards. (ECF No. 23 at 10).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Under Nevada law, any attempt to restrict insurance coverage must be done clearly and explicitly. *Capitol Indem. Corp. v. Blazer*, 51 F.Supp. 2d 1080, 1084 (D. Nev. 1999). An insurer, wishing to restrict the coverage of a policy, should employ language which clearly and distinctly communicates to the insured the nature of the limitation. *Id.* (citing *National Union Fire Ins. v. Reno's Exec. Air*, 100 Nev. 360, 682 P.2d 1380, 1382 (1984)). Still, a party who seeks to recover on an insurance policy has the burden of proving that the claim is covered under the policy. *See Lucini-Parish Ins. v. Buck*, 836 P.2d 627, 629 (Nev. 1992).

Here, Unforgettable and Muirfield fail to show that the arbitrator's award of damages and attorney's fees is covered under the policy. Instead, they merely make the conclusory statement that "AFCC . . . refused to properly respond to the demands and/or actions of [Unforgettable], and/or pay the insurance protections to [Unforgettable] in accordance with the express terms of the enforceable Policy . . . . Thus, AFCC has contractually and tortiously breached its Policy for coverage . . . ." (ECF No. 15 at 20).

In their amended answer and counterclaim, Unforgettable and Muirfield do not point to exactly which part of the policy AFCC breached, nor do they point to any ambiguous language in the policy that could be construed against AFCC. In their response to AFCC's motion for judgment on the pleadings, Unforgettable and Muirfield argue that terms such as "products-completed operations hazard," "occurrence," and "your work" are ambiguous. (ECF No. 23 at 11–12).

However, each of these terms is well-defined under Nevada law. *See, e.g.*, *Castellet, Inc. v. Liberty Mut. Ins. Co.*, 810 Fed. Appx. 548, 550 (9th Cir. 2020) (holding that "products-completed operations hazard" exclusion in policy is unambiguous); *Arizona Civil Constructors, Inc. v. Colony Ins. Co.*, 481 F.Supp. 3d 1141, 1147 (D. Nev. 2020) (holding that "occurrence" unambiguously referred to accidents, which does not apply to faulty workmanship, occurring away from the insured location, whether during or after the work is performed); *D&L Framing, LLC v. Clarendon Am. Ins. Co.*, 2:05-cv-01307-RLH-GWF, 2007 WL 9725258, at *6 (D. Nev. Sept. 13, 2007) (finding definition of "your work" to be unambiguous, despite the insured's misinterpretation of the definition).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Because these terms are well-defined, and because the policy contains coverage exclusions for

> property damage to that particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or that particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it

(ECF No. 14 at 6), and that "[supplementary] payments do not include attorney's fees or attorney's expenses taxed against the insured" (ECF No. 14 at 5), Unforgettable and Muirfield fail to plead sufficient facts showing breach of contract for AFCC's declining to pay the arbitrator's award of damages or attorney fees.

B. <u>Unforgettable and Muirfield's first claim for tortious breach of contract fails as it is duplicative of their claim for breach of the implied covenant of good faith and fair dealing.</u>

In Nevada, a claim for "tortious breach of contract" is recognized as a tort claim for "breach of the implied covenant of good faith and fair dealing." *Porter v. Chetal*, No. 3:13-CV-00661-LRH, 2015 WL 430241, at *5 (D. Nev. Feb. 3, 2015) (quoting *Chavez v. Cal. Reconveyance Co.*, No. 2:10-cv-0325-RLH-LRL, 2010 WL 2545006, at *4 (D. Nev. June 18, 2010).

For this reason, Unforgettable and Muirfield's claim for tortious breach of contract fails as it is duplicative of its claim for breach of the implied covenant of good faith and fair dealing. In addition, Unforgettable and Muirfield cannot request punitive damages for breach of contract. *See* NEV. REV. STAT. § 42.005 ("[I]n an action for the breach of an obligation *not arising from contract* . . . the plaintiff . . . may recover damages . . . by way of punishing the defendant." (emphasis added)).

C. <u>Unforgettable and Muirfield's extracontractual claims for punitive damages fail because they merely recite elements of statutory language without pleading sufficient facts.</u>

In their second counterclaim for breach of the implied covenant of good faith and fair dealing, Unforgettable and Muirfield allege that "AFCC . . . breached its duties and/or the implied covenant of good faith and fair dealing by generally failing to . . . timely and fairly compensate [Unforgettable and Muirfield] . . . in an amount equal to the award of damages

James C. Mahan
U.S. District Judge

- 5 -

granted in favor of Muirfield." (ECF No. 15 at 22). However, because the court found that AFCC did not breach its contract with Unforgettable, the above cannot be true.

Unforgettable and Muirfield go on to provide a laundry list of other potential grounds upon which AFCC breached the implied covenant. (ECF No. 15 at ¶ 53). This list, which consists entirely of legal conclusions, operates as a recitation of many of the elements of NRS 686A.310. This is the type of notice pleading that falls well short of the *Twombly/Iqbal* pleading standard. *See Yoon v. Travelers Indem. Co.*, 2:20-cv-1507-JCM-EJY, 2021 WL 1968279, at *3 n.1 (D. Nev. May 17, 2021) ("While Nevada may be a notice pleading jurisdiction, this case is in federal court where the days of notice pleading are long gone.").

Unforgettable and Muirfield's third claim for violation of unfair trade practices under NRS 686A.310 suffers from the same deficiencies. The counterclaim again merely recites elements of NRS 686A.310 without pleading any facts other than that "as a result of the breaches of the policy, [Unforgettable] has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000)." (ECF No. 15 at 25). Yet, the court has already held that AFCC did not breach its policy, so this allegation does not in any way support the counterclaim. Because Unforgettable and Muirfield fail to plead any further facts, there is no way the court can hold that they have successfully stated a plausible claim for relief.

D. Amendment is not futile because Unforgettable and Muirfield could reasonably correct the deficiencies in their counterclaims.

AFCC argues that amendment would be futile because Unforgettable and Muirfield cannot amend their counterclaims "to manufacture coverage that is simply not provided . . . ." (ECF No. 17 at 18). The court disagrees. While many of the terms in the policy and policy exclusions have been held to be unambiguous, Unforgettable and Muirfield could, feasibly, still amend their counterclaims to plead sufficient facts alleging that other terms are ambiguous, thus supporting its counterclaim for breach of contract.

If Unforgettable and Muirfield can plead sufficient facts plausibly alleging that AFCC breached its policy, it follows that their extracontractual counterclaims could be amended to plead sufficient facts as well.

James C. Mahan
U.S. District Judge

- 6 -

For these reasons, the court exercises its discretion in granting Unforgettable and Muirfield leave to amend their counterclaims.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AFCC's motion for judgment on the pleadings (ECF No. 17) be, and the same hereby is, GRANTED. Unforgettable and Muirfield's counterclaims (ECF No. 15) are dismissed without prejudice.

IT IS FURTHER ORDERED that Unforgettable and Muirfield have leave to amend their counterclaims within 21 days of the date of this order.

DATED August 5, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 7 -