1
2
3
4                          UNITED STATES DISTRICT COURT
5                                DISTRICT OF NEVADA
6                                       * * *
7   AMERICAN FIRE AND CASUALTY             Case No. 2:21-CV-1555 JCM (NJK)
    COMPANY,
8                                                        ORDER
                                Plaintiff(s),
9
10         v.
    UNFORGETTABLE COATINGS, INC., et al.,
11
                               Defendant(s).
12
13
14         Presently before the court is counter-defendant American Fire and Casualty Company's
15   ("AFCC") motion for judgment on the pleadings.  (ECF No. 34).  Counterclaimants Unforgettable
16   Coatings, Inc. ("Unforgettable") and Muirfield Village Homeowner's Association ("Muirfield")
17   filed a response in opposition (ECF No. 41), to which AFCC replied (ECF No. 42).
    **I.    Facts**
18
19         This action arises from Nevada insurance policies related to a contract between
20   Unforgettable and Muirfield for painting and related services on Muirfield's property in Mesa,
21   Arizona, in 2015.  (ECF No. 14 at 1–2).  Following the completion of the project, Muirfield alleged
22   that Unforgettable's work was defective and filed suit in Maricopa County, Arizona, on or around
23   December 18, 2019.  (*Id.* at 3).  Pursuant to the contract's mandatory arbitration agreement, the
24   parties agreed to arbitrate before the Honorable Larry Fleishman (ret.) ("the arbitrator").  (*Id.*).
25   The arbitrator found that Unforgettable breached the contract and breached its implied warranty
26   and awarded Muirfield $444,200 in damages, plus $140,000 in attorney fees and $55,559 in
27   taxable costs.  (*Id.*).
28

**James C. Mahan**
**U.S. District Judge**

1    AFCC was Unforgettable's commercial general liability insurer from February 2015 –

2    February 2019 and defended Unforgettable at arbitration.  (*Id.* at 3–4).  AFCC now seeks a

3    declaration that that it has no obligation to indemnify Unforgettable for the damages awarded

4    under the policies and has no obligations to Muirfield in connection with the underlying litigation.

5    (*Id.* at 8–9).  Unforgettable and Muirfield bring counterclaims alleging that AFCC breached the

6    insurance contract by not covering the awards, as well as a variety of extracontractual claims

7    related to the investigation process.  (ECF No. 31)

8    This court previously granted judgment on the pleadings dismissing Unforgettable and

9    Muirfield's counterclaims but granted leave to amend.  (ECF No. 26).  Following filing of the

10   second amended counterclaims, AFCC again moves for judgment on the pleadings (ECF No. 34)

11   on both the second amended counterclaims (ECF No. 31) and on the declaratory relief claims in

12   its own amended complaint (ECF No. 14).

13   **II.    Legal Standard**

14   Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking

15   all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of

16   law." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (citation and

17   internal quotation marks omitted).  A Rule 12(c) motion is "functionally identical to a Rule

18   12(b)(6) motion." *Id*.  That is, the court "accept[s] all factual allegations in the complaint as true

19   and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard,*

20   581 F.3d 922, 925 (9th Cir. 2009) (citation omitted).  However, to proceed, a complaint must

21   contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

22   face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

23   The court typically may not consider material beyond the pleadings to adjudicate a 12(c)

24   motion.  See Fed. R. Civ. P. 12(d).  But the court can consider exhibits attached to the complaint

25   or matters properly subject to judicial notice under Federal Rule of Evidence 201.  *Khoja v.*

26   *Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018).  The court can also consider

27   documents whose contents are merely alleged in a complaint and whose authenticity no party

28   questions under the incorporation by reference doctrine.  *Northstar Fin. Advisors Inc. v. Schwab*

**James C. Mahan**
**U.S. District Judge**

1    *Invs.,* 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th

2    Cir. 2003) (holding that district courts can consider a document incorporated by reference "if the

3    plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

4    claim").

5         Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen*

6    *v. San Francisco Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d

7    1026 (9th Cir. 2001) (citation omitted).  Under Rule 15(a), the court should "freely" grant leave to

8    amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the

9    part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the

10   opposing party . . . futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

11   The court should grant leave to amend "even if no request to amend the pleading was made."

12   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

13   **III.    Discussion**

14          A. Standing

15          As an initial matter, Unforgettable lacks standing to pursue its claims.  As both it and

16   Muirfield allege in their second amended counterclaims, "[Unforgettable] assigned to Muirfield

17   all rights, title, and interest in any insurance benefits covered under the AFCC policies at issue,

18   including but not limited to [Unforgettable]'s rights to contractual claims against AFCC."

19          An "assignee stands in the shoes of the assignor, and, if the assignment is valid, has

20   standing to assert whatever rights the assignor *possessed*." *Misic v. Bldg. Serv. Emps. Health &*

21   *Welfare Tr.,* 789 F.2d 1374, 1378 n.4 (9th Cir. 1986) (emphasis added).  Inherent in the concept

22   of assignment is that the assignor divests itself of its interest once it consummates the assignment.

23   An assignor cannot simultaneously possess an interest it claims to have assigned.

24          The parties here do not dispute that the assignment of claims from Unforgettable to

25   Muirfield was valid.  Thus, by nature of that assignment, Muirfield—not Unforgettable—is the

26   proper party in interest.  Unforgettable's counterclaims must be dismissed, and AFCC's motion is

27   GRANTED as to its claims against Unforgettable.

28   . . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1        <u>B. Muirfield's counterclaims</u>

2        As to the counterclaims, Murifield's amendment provide no new allegations, and AFCC's

3        motion must be also granted as to those claims.

4        *1. Breach of Contract*

5        To prevail on a breach of contract claim, the claimant must "show (1) the existence of a

6        valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Brown v.*

7        *Kinross Gold U.S.A., Inc.*, 531 F.Supp. 2d 1234, 1240 (D. Nev. 2008) (quoting *Saini v. Int'l Game*

8        *Tech.*, 434 F.Supp. 2d 913, 920–21 (D. Nev. 2006)).  As this court has already ruled, under Nevada

9        law, a party who seeks to recover on an insurance policy has the burden of proving that the claim

10        is covered under the policy.  *See Lucini-Parish Ins. v. Buck*, 836 P.2d 627, 629 (Nev. 1992).

11        The insurance policies in question—each of which are substantively identical—provide

12        that AFCC shall pay damages resulting from either "bodily injury" or "property damage," and that

13        AFCC shall have a duty to defend in suits seeking those damages.  *See* (ECF No. 31 at 9–10).  The

14        policies go on to provide that: "The insurance applies to 'bodily injury' and 'property damages'

15        only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place

16        in the 'coverage territory.'"  (*Id.*)  In addition, the policies include several other exclusions from

17        coverage that the court need not reach.

18        In its order on the previous motion for judgment on the pleadings, this court held that the

19        terms "products-completed operations hazard," "occurrence," and "your work" were unambiguous

20        under the policy.  (ECF No. 26 at 4).  Specifically, the court, agreeing with another court in this

21        district, held that "'occurrence' unambiguously referred to accidents, which does not apply to

22        faulty workmanship, occurring away from the insured location, whether during or after the work

23        is performed." (*Id.*) (citing *Arizona Civil Constructors, Inc. v. Colony Ins. Co.*, 481 F. Supp. 3d

24        1141, 1147 (D. Nev. 2020)).

25        Under the law of the case doctrine, "a court is generally precluded from reconsidering an

26        issue that has already been decided by the same court, or a higher court in the identical

27        case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1992), *cert. denied* 508 U.S. 951 (1993). A

28        court holds discretion to depart from the law of the case if: (a) the first decision was clearly

**James C. Mahan**
**U.S. District Judge**

1    erroneous; (b) an intervening change in the law has occurred; (c) the evidence is substantially

2    different; (d) other changed circumstances exist; or (e) manifest injustice would otherwise

3    result. *See United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

4           In the second amended counterclaims, Muirfield provides no allegations that persuade the

5    court to reconsider that analysis.  The previous judgment on the pleadings provided leave to amend

6    to allow Muirfield to allege that "other terms are ambiguous."  (ECF No. 26).  Muirfield's only

7    arguments in response are to claim that (1) "operations," a term relevant to a policy exclusion but

8    not coverage in the first instant, is ambiguous, and (2) that the word "accident" within the definition

9    of "occurrence" is ambiguous.  Neither argument is enough to survive judgment on the pleadings.

10          The definition of "operations" is irrelevant to this analysis.   The policy exclusion

11   containing that term is relevant only if Muirfield establishes coverage in the first place.  It does

12   not.

13          The argument regarding "accident" also fails.  Regardless of what "accident" means

14   precisely, this court has already excluded the relevant conduct from the definition.  (ECF No. 26

15   at 4).  As mentioned above, the previous judgment on the pleadings found that poor workmanship

16   could not constitute an accident.  (*Id.*)

17          This is not a case where an act of nature, such as a flood or something else not contemplated

18   by the parties, caused damage.  The damage was the poor workmanship itself.  Muirfield provides

19   nothing that persuades the court to alter the law of the case on this point.  It, therefore, has failed

20   to establish coverage in the first instance, and AFCC has no duty to tender the damage award.

21          Further, Muirfield's response to the motion fails to address AFCC's argument that the

22   policies provide no coverage for the attorney fees award.  A failure to file points and authorities to

23   a motion for judgment on the pleadings constitutes a consent to granting of that motion. LR 7-2(d);

24   *see also Hansen v. Albertsons Companies, LLC,* No. 2:19-cv-02050-JAD-EJY, 2020 WL

25   7711920, at *5 (D. Nev. Dec. 28, 2020) ("The failure-to-oppose rule [in Local Rule 7-2(d)] applies

26   equally to specific arguments made in moving papers.").  Accordingly, Muirfield consents to

27   granting of the motion on this ground.  AFCC's motion is GRANTED regarding the breach of

28   contract claim.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1              *2. Bad Faith and Unfair Trade Practices*

2              Muirfield's claims for breach of the implied covenant of good faith and fair dealing and

3      breach of Nevada law regarding unfair trade practices also fail.  Just as it was in the previous set

4      of counterclaims, Muirfield's premise for the bad faith claim is that AFCC acted in bad faith by

5      improperly denying the claim.  Functionally, the only difference in the now-amended claim is the

6      addition of more specific language alleging that the failure to cover the damages award was

7      unreasonable.  As determined above, AFCC's denial of the claim was proper—there was nothing

8      to trigger coverage.

9              In order to prevail on a bad-faith claim, Muirfield must show "the absence of a reasonable

10     basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a

11     reasonable basis for denying the claim."  *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991)

12     (quotation marks, ellipses, and citation omitted).  It cannot, however, because denial of the claim

13     was reasonable as a matter of law.  The court has determined the damage was not covered.  Thus,

14     the counterclaim for bad faith fails.

15             The same reasoning applies to the unfair trade practices claim.  This claim for relief is also

16     premised on the assumption that the failure to indemnify was a violation of the policy.  It was not.

17             Further, the claim for unfair trade practices does little more than paraphrase the elements

18     of the statute.  *Compare* Nev. Rev. Stat. 686A.310 *with* (ECF No. 31 at 21).  For example, the

19     counterclaims allege that AFCC "fail[ed] to place [Unforgettable]'s interest on equal ground with

20     its own" and "fail[ed] to acknowledge and act reasonably and promptly upon communications with

21     respect to the claims arising out of the policy of insurance."  (ECF No. 31 at 21).  These naked

22     accusations are nearly identical to the statutory language and are not accompanied by "sufficient

23     factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,  556

24     U.S. at 678.

25             Muirfield requests leave pursuant to Rule 56(d) to conduct discovery to uncover facts to

26     substantiate its claims.  (ECF No. 41 at 17).  Rule 56(d) refers to summary judgment motions. *See*

27     *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir.

28     2008).  Judgment on the pleadings is an entirely different matter.  At this procedural stage, the

**James C. Mahan**
**U.S. District Judge**

1    court is not concerned with the veracity of any particular claim; it is concerned with whether the

2    claim is pled in such a way that the factual allegations plausibly allege a claim for relief.  *Iqbal*,

3    556 U.S. at 678.  Thus, a request to conduct discovery is irrelevant.  No discovery changes the fact

4    that the counterclaims, on their face, do not state a claim for relief that survives judgment on the

5    pleadings.  And, regardless, Rule 56(d) requires a party requesting relief to specifically enumerate

6    what information it seeks to gain from the additional discovery.  *Family Home*, 525 F.3d at 827.

7    Murifield fails to do so here, and the court could not grant Rule 56(d) even if it were applicable.

8              C. AFCC's Claim for Declaratory Relief

9              Muirfield does not respond to AFCC's motion as to judgment on the pleadings for its own

10   claims for declaratory relief.  This failure to respond constitutes consent to granting of the motion

11   under Local Rule 7-2(d).  *See Hansen v. Albertsons Companies, LLC,* No. 2:19-cv-02050-JAD-

12   EJY, 2020 WL 7711920, at *5 (D. Nev. Dec. 28, 2020).

13             The court will thus GRANT the motion on this ground as well.  The claims seek

14   declarations that AFCC has no obligation to indemnify for the damages award or the fee awards.

15   As the court determined above in relation to the counterclaims, those awards are not covered under

16   the policy.  AFCC therefore has no duties, and the declarations are appropriate.

17             D. Leave to Amend the Counterclaims

18             Although "[t]he court should freely give leave when justice so requires," the court is not

19   obligated to do so.  Fed. R. Civ. P. 15(a)(2).  The court need not give leave to amend where "it

20   determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez*,

21   203 F.3d at 1127 (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Thus, "leave

22   to amend may be denied if it appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton,*

23   *Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d

24   762, 766 (9th Cir. 1986)).  Denial of leave to amend is also appropriate when a party has already

25   had multiple attempts to cure deficient pleadings.  *See Foman*, 371 U.S. at 182.

26             Muirfield and Unforgettable have already had two opportunities to cure their pleadings and

27   have failed to do so.  The court has determined there was no "occurrence" under the policy

28

**James C. Mahan**
**U.S. District Judge**                                                   - 7 -

1   triggering coverage in the first place.  In light of that, there are no amendments that can rescue the

2   counterclaims.  They are thus dismissed with prejudice.

3   **IV.      Conclusion**

4          Accordingly,

5          IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AFCC's motion for

6   judgment on the pleadings (ECF No. 34) be, and the same hereby is, GRANTED.  Unforgettable

7   and Muirfield's second amended counterclaims (ECF No. 31) are DISMISSED with prejudice.

8          The clerk is instructed to enter judgment in favor of AFCC on its claims (ECF No. 14) and

9   close this case.

10         DATED April 13, 2023.

11                                                        _____

12                                                        UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**